Christopher BETTS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 256,2009.

Supreme Court of Delaware.

Submitted: Oct. 14, 2009.

Decided: Nov. 3, 2009.

Edward C. Gill, Law Office of Edward C. Gill, P.A., Georgetown, DE, for appellant.

Abby Adams, Department of Justice, Georgetown, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

STEELE, Chief Justice:

A Superior Court judge found that Christopher Betts failed to comply with the terms of his *nolo contendere* plea agreement and conditions of probation by refusing to discuss the underlying sexual offenses [1] during probation counseling sessions. Betts argues that his no contest plea, which later judicial proceedings may not consider an admission, protects him from having to admit those crimes. Betts failed to honor his plea agreement and to comply with conditions of his probation. The Superior Court judge correctly concluded that Betts' failure to comply with his conditions of probation constituted a violation of that probation. The Superior Court's resentencing and entry of judgment must be AFFIRMED.

---

1. Betts pleaded *nolo contendere* to six counts of Third Degree Unlawful Sexual Contact.

## FACTUAL AND PROCEDURAL HISTORY

A Grand Jury indicted Betts on nine counts of First Degree Rape, one count of Continuous Sexual Abuse of a Child, and two counts of Second Degree Unlawful Sexual Contact. Betts pleaded *nolo contendere* to six counts of Third Degree Unlawful Sexual Contact.

Betts' plea agreement required him to register as a Tier II sexual offender and to complete a sexual disorders counseling program. Betts also agreed to comply with all recommendations for counseling and treatment that the program staff deemed appropriate.

In these bargained-for counseling sessions, Betts refused to discuss his conduct underlying the offenses. On February 23, 2009, Betts's treatment provider reported that it had discharged Betts for refusing to discuss his illegal sexual conduct. The sentencing judge approved a Probation and Parole report requiring polygraph examination of Betts to further his counseling. Betts refused to undergo a polygraph examination.

The Superior Court notified Betts and held a Violation of Probation hearing. After considering the evidence and finding the above facts to be true, the judge determined that Betts had violated his probation. Betts appeals from that determination.

## STANDARD OF REVIEW

■ We review questions of law, which this dispute presents, *de novo*.[2]

## ANALYSIS

■ Betts asserts that pleading *nolo contendere* justifies his refusal to admit or discuss the behavior underlying his offenses.[3] He argues that counseling requires him to admit his crimes—directly contrary to the purpose of pleading no contest. The State rejoins that Betts agreed, under the terms of his plea agreement, to attend counseling, and that compliance with counseling requirements conditioned his sentencing and constituted a condition of his probation. We must determine whether a *nolo contendere* plea agreement precludes requiring that a defendant admit or discuss the conduct underlying his crimes in counseling.

■ While a no contest plea has the same effect as a guilty plea when entered, it cannot be used against a defendant as an admission in a later criminal or civil proceeding.[4] Betts asserts that, in addition to proscribing future parties' prejudicial use of his plea, a *nolo* plea also prevents the State from requiring that he discuss underlying conduct. We have consistently and categorically rejected the contention that Betts now asserts.

---

**2.** *Weber v. State*, 971 A.2d 135, 141 (Del. 2009).

**3.** Betts also claims that the judge's ruling violated his due process rights under the federal and state constitutions. Because Betts did not properly present this claim, his state constitutional claim is waived. "Conclusory assertions that the Delaware Constitution has been violated will be considered waived on appeal." *Ortiz v. State*, 869 A.2d 285, 291 n. 4 (Del.2005). The "proper presentation of an alleged violation of the Delaware Constitution

should include a discussion and analysis of one or more of the following non-exclusive criteria: 'textual language, legislative history, preexisting state law, structural differences, matters of particular state interest or local concern, state traditions, and public attitudes.'" *Wallace v. State*, 956 A.2d 630, 637–38 (Del.2008) (quoting *Ortiz*, 869 A.2d at 291 n. 4).

**4.** *State v. Connor*, 2005 WL 147931 (Del.Super. Jan. 19, 2005).

In *Whalen v. State*,[5] the defendant pleaded *nolo contendere* to five counts of Third Degree Unlawful Sexual Contact and agreed to complete a counseling program.[6] The defendant later claimed that he should not have to participate in counseling, because it would require an admission of unlawful sexual contact.[7] We rejected the defendant's argument:

> There is no merit to [defendant's] argument that he can not be required to 'admit' guilt as part of his treatment program because he entered a plea of *nolo contendere*. [Defendant's] plea does not confer upon him a right to violate a condition of his bargained-for plea agreement.[8]

In *State v. Connor*,[9] a Superior Court judge also rejected the defendant's claim that his *nolo contendere* plea allowed him to refuse to discuss his crimes in court-ordered treatment.[10] The judge held that a *nolo contendere* plea does not receive elevated constitutional protections over a traditional guilty plea, nor do any special promises accompany the plea offer.[11]

Here, the judge explained, and Betts understood, the plea bargain terms. When a sentencing judge foregoes incarcerating a potential recidivist, he does so because of reliance on the counseling process. The judge offers probation, on the rational assumption that effective counseling acts as a viable preventative alternative to incarceration. If the sentenced defendant refuses to participate in pre-ventative counseling, he undermines the viability of that alternative to incarceration. Betts gained the benefit of this bargain; he must uphold his concomitant obligations.

Irrespective of the type of plea agreement, the sexual offender may not bargain out of trial and potential incarceration, avoid counseling, and refuse a polygraph. Until he fully engages in counseling, Betts remains a serious public threat, in violation of his plea agreement. The Superior Court judge correctly determined that Betts violated his probation and properly resentenced him accordingly.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the Superior Court's judgment.

---

5. 2000 WL 724683, at *1 (Del. May 18, 2000) (Table).

6. *Id.*

7. *Id.*

8. *Id.* at n. 7, citing *Downer v. State*, 543 A.2d 309, 312–13 (Del.1988).

9. 2005 WL 147931 (Del.Super. Jan. 19, 2005).

10. "Indeed, the Court will not accept a no contest plea unless and until it finds that a factual basis for the plea exists. Requiring a defendant to admit his behavior, particularly in the context of rehabilitative treatment, is simply a requirement that a defendant acknowledge the existence of that factual basis." *Connor*, 2005 WL 147931 at *4.

