IN THE SUPREME COURT OF THE STATE OF DELAWARE

WILLIAM ROGER TRICE, JR., §
§ No. 363, 2016
 Defendant Below, §
Appellant, §
§ Court Below—Superior Court
§ of the State of Delaware
 v. §
§ Cr. ID No. 1011016705
STATE OF DELAWARE, §
§
 Plaintiff Below, §
Appellee. §
§

Submitted: October 19, 2016
Decided: December 2, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## ORDER

This 2nd day of December 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, William Roger Trice, Jr., filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State of Delaware filed a motion to affirm the judgment below on the ground that it was manifest on the face of Trice's opening brief that the appeal was without merit. We agree and affirm.

(2)    The record reflects that, on August 3, 2011, Trice pled no contest to Rape in the Third Degree as a lesser included offense of Rape in the First Degree,

Strangulation, and Tampering with a Witness. Trice was immediately sentenced as follows: (i) for Rape in the Third Degree, twenty-five years of Level V incarceration, with credit for 253 days previously served, suspended after eight years and successful completion of the Family Problems Program, followed by decreasing levels of supervision; (ii) for Strangulation, five years of Level V incarceration, suspended for five years of Level III probation; and (iii) for Tampering with a Witness, five years of Level V probation, suspended for one year of Level III probation. On direct appeal, this Court affirmed the Superior Court's judgment.[1] Trice has filed two unsuccessful motions for postconviction relief under Superior Court Criminal Rule 61.[2]

(3) On June 14, 2016, Trice filed a motion for correction of sentence under Superior Court Criminal Rule 35(a). Trice claimed his plea was not knowing, intelligent, and voluntary because the Superior Court failed to inform him that completion of the Family Problems Program would require him to admit guilt to his offenses, even though he pled no contest, and imposition of the Family Problems Program sentencing condition breached the plea agreement. The Superior Court denied the motion, finding Trice was told that a no contest plea was

---

[1] *Trice v. State*, 2012 WL 396050 (Del. Feb. 7, 2012).
[2] *Trice v. State*, 2014 WL 3408666 (Del. July 9, 2014); *Trice v. State*, 2013 WL 842517 (Del. Mar. 5, 2013).

a guilty plea and that he signed a plea agreement that included the completion of the Family Problems Program as a sentencing condition. This appeal followed.

(4) This Court reviews the Superior Court's denial of a motion for correction of sentence for abuse of discretion, although questions of law are reviewed *de novo*.[3] The narrow function of Rule 35(a) is to correct an illegal sentence, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."[4] A sentence is illegal under Rule 35(a) if it exceeds the statutory limits, violates double jeopardy, is ambiguous or internally contradictory, omits a term required to be imposed by statute, or is not authorized by the judgment of conviction.[5]

(5) As he did below, Trice argues that the Superior Court failed to inform him during the plea colloquy that completion of the Family Problems Program would require him to admit guilt to his offenses, despite his no contest plea. This claim falls outside the narrow scope of Rule 35(a) because it involves errors that occurred before the imposition of sentence.[6] Trice also argues for the first time on appeal that his sentence is illegal because completion of the Family Problems Program is internally contradictory with his no contest plea and that the amount of

---

[3] *Weber v. State*, 2015 WL 2329160, at *6 (Del. May 12, 2015).
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).
[5] *Id.*
[6] *Id.*

Level V time he must serve is ambiguous due the Family Problems Program condition. We will not consider these claims for the first time on appeal,[7] but note that we have previously rejected similar claims.[8] The Superior Court did not err in denying Trice's motion for correction of sentence.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[7] Supr. Ct. R. 8.

[8] *See, e.g., Betts v. State*, 983 A.2d 75, 76-77 (Del. 2009) (holding defendant who pled no contest violated his probation when he was discharged from required treatment program for refusing to discuss his illegal sexual conduct); *Allen v. State*, 2009 WL 1112663, at *1 (Del. Apr. 27, 2009) (holding sentence that included Level V treatment program was not ambiguous); *Whalen v. State*, 2000 WL 724683, at *1 (Del. May 18, 2000) (holding sentencing order that included counseling did not violate constitutional rights of defendant who entered a plea of nolo contendere).